Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiff and Proposed FLSA Collective Action Members*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DANIEL GARCIA, on Behalf of Himself and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SOLSTICE SENIOR LIVING LLC**<br><br>**Defendant.** | Case No.: **'22CV332 MMAAHG**<br><br>**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**<br><br>**COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## SUMMARY

1.  Defendant, Solstice Senior Living LLC (referred to hereinafter as "Defendant"), failed to pay Plaintiff, Daniel Garcia (referred to hereinafter as "Plaintiff"), and its other hourly workers overtime wages at the correct hourly rate when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Specifically, Defendant paid Plaintiff and its other hourly workers for all hours worked including hours

worked over forty in a workweek, but failed to include all remunerations in the calculation of its overtime rate. As a result, Defendant violates the overtime wage provisions of the FLSA.

2. Plaintiff and the similarly situated workers he seeks to represent, are current and former hourly paid employees who worked for Defendant for any work week during the period of three years prior to the Court certifying a collective action to the present ("the Class Members").

3. Defendant's pay practices and policies applied equally to Plaintiff and to all of the Class Members. Therefore, Plaintiff brings this suit on behalf of himself and all other similarly situated individuals.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331, as this case is brought pursuant to the FLSA, 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of California under 28 U.S.C. § 1391 because a substantial part of the acts and conduct charged herein occurred in this district and because Defendant is headquartered in this District.

**THE PARTIES**

1. Plaintiff lives in Texas. Plaintiff has been employed by Defendant since approximately October 2020 as an hourly paid Cook. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

6. The Class Members consist of all current and former hourly paid employees who worked for Defendant for any work week during the period of three years prior to the Court certifying a collective action to the present.

7. Solstice Senior Living LLC is a California limited liability company that may be served with process through its registered agent for service: Derrica Crossley, 2333 State Street, Suite 300, Carlsbad, California 92008.

**FLSA COVERAGE**

8. At all times relevant to this dispute, Defendant has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

9. At all times relevant to this dispute, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

10. At all times relevant to this dispute, Defendant has had gross annual sales at or in excess of $500,000.

11. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

12. At all material times, Defendant has been an enterprise in commerce within the meaning of Section 203(s)(1)(B) of the FLSA, because Defendant is engaged in the operation of an institution primarily engaged in the care of the sick and the aged.

**FACTS**

13. Defendant is in the business of providing independent living communities to the elderly.[1]

14. Plaintiff was hired to work as a Cook for Defendant.

15. Defendant paid Plaintiff an hourly wage.

16. Defendant paid all of its Class Members an hourly wage.

17. As a Cook, Plaintiff routinely worked more than forty (40) hours per workweek. Specifically, on average, Plaintiff worked 70 hours per week with some variance.

18. Plaintiff and the Class Members were at all times "non-exempt"

---

[1] https://solsticeseniorliving.com/ (last visited on March 5, 2022).

- 3 -　　　　　　　　　　Case No. _____
Original Complaint

employees who were paid an hourly wage for all hours worked including hours worked over forty in a workweek, and who were eligible to receive overtime pay pursuant to Section 207 of the FLSA. Despite this fact, Defendant failed to include all remunerations paid to Plaintiff and to the other Class Members for purposes of calculating overtime wages at one and one half times their regular rate of pay for all hours worked in excess of forty (40) during a workweek.

19. Specifically, Defendant paid Plaintiff and Class Members $14.00 per hour. When they worked over 40 hours a week, Defendant paid overtime at time and a half based on $14.00 per hour. In addition to hourly pay, Defendant paid Plaintiff and the Class Members additional remuneration in the form of nondiscretionary bonus pay in the amount of $500 per month. These bonuses were promised to Plaintiff and the Class Members to incentivize increased productivity. However, Defendant failed to include those bonuses in Plaintiff and the Class Members' respective regular rates of pay when calculating their overtime wages. For example, Plaintiff's paystubs reflect that he was paid a nondiscretionary bonus of $355.37 in the pay period beginning on November 1, 2021. During that two-week pay period, Plaintiff worked 75.87 hours of overtime. Yet, Defendant only compensated Plaintiff at the rate of one and one-half times his *hourly* rate for those hours of overtime work (*i.e.* 75.87 hours * 1.5 * 14 = $1,593.27). Defendant failed to include the bonus of $355.37 in Plaintiff's *regular* rate when calculating the overtime premium pay due to him. This failure to include all remuneration in Plaintiff's regular rate of pay violated the FLSA.[2]

---

[2] Furthermore, on information and belief, other remunerations were paid by Defendant to Plaintiff that should have been included in the calculation of the regular rate and overtime but were not. Specifically, but not limited to, Defendant pays remuneration identified on paystubs as "MISC", "Personal", and "Train". These remunerations were not included for purposes of calculating the regular rate and overtime as is required by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other hourly paid employees who worked for Defendant at any time three years prior to the Court certifying a collective action to the present ("the Class Members").

21. Defendant records time for and pays hourly wages to all of its hourly workers in the same manner described above. Moreover, Defendant's time-keeping and wage policies are the same for all of its hourly workers. In this regard, Defendant maintains a "common pay practice or policy" and the Class Members are similarly situated to Plaintiff.

22. Defendant's hourly workers all perform similar essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, receive a different hourly wage, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similarly situated to Plaintiff.

23. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

24. Defendant possesses the names and addresses of all Class Members in its records. Plaintiff does not. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

> **"All hourly paid workers who worked for Defendant at any time three years prior to the Court certifying a collective action to the present."**

## FLSA CAUSES OF ACTION – UNPAID OVERTIME WAGES

25. Plaintiff incorporates the allegations in the preceding paragraphs.

26. Defendant failed to pay Plaintiff and the Class Members appropriate overtime wages for all of the hours worked each week as required by the FLSA.

27. Plaintiff and the Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek calculated at one and one half times their regular rate of pay, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

28. Plaintiff hereby demands a trial by jury.

## PRAYER

29. Plaintiff respectfully requests that judgment be entered against awarding him and all similarly situated employees:

   a. Overtime wage compensation for *all* hours worked;
   b. An equal amount as liquidated damages;
   c. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and
   d. Such other and further relief as may be required by law.

Dated: March 11, 2022

Respectfully submitted,

By: /s/ *Melinda Arbuckle*
Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiffs and Proposed FLSA Collective Action Members*

- 7 -    Case No. _____
Original Complaint